104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Stephen T. ROBERTS, Plaintiff-Appellant,
v.
Gary PAYNE, Groveland Correctional Facility Commissary
Supervisor; Speckard, Superintendent; Robinson,
Lieutenant, Groveland Correctional Facility; Philip Coombe,
Jr., Department of Correctional Services Commissioner,
Defendants-Appellees.
 No. 96-2270.
 United States Court of Appeals, Second Circuit.
 Sept. 11, 1996.
 
 Stephen T. Roberts, pro se, Sonyea, NY.
 Dennis C. Vacco, N.Y. State Atty. Gen., Albany, NY.
 Present: NEWMAN, Chief Judge, CARDAMONE, CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Stephen T. Roberts appeals pro se from March 21, 1995, judgment of the District Court, dismissing, on motion for summary judgment, his suit against state corrections personnel. His complaint alleged that a civilian employee at the prison had slapped him on the back of the head on a single occasion. As the District Court correctly ruled, the allegation is insufficient for a constitutional violation, whether or not it might rise to the level of a state law tort. See Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. (1973).
 
 
 4
 Even if the "slap" was contrary to applicable regulations, the incident does not create a basis to claim a constitutional violation, redressable by suit in federal court.